**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| RABO AGRIFINANCE, a Delaware Corporation, as Successor in Interest to RABO AGSERVICES, INC., | § § § § | |
| Plaintiff, | § § | CIVIL NO. 2:05-CV-243-J |
| v. | § § § | |
| VEIGEL FARM PARTNERS, a general partnership d/b/a VEIGEL PARTNERS, VEIGEL FARMS, INC., TERRA XXI, LTD., GRAIN CENTRAL STATION, INC. d/b/a VEIGEL GRAIN COMPANY, VEIGEL-KIRK, INC., BOB VEIGEL, INC., BOB VEIGEL (a/k/a ROBERT WAYNE VEIGEL), STEVE VEIGEL, INC., STEVE VEIGEL, Individually, VICKI VEIGEL, INC., and VEIGEL CATTLE COMPANY. | § § § § § § § § § § § § § | |
| Defendants. | § § | |

## **MEMORANDUM OPINION**

Plaintiff Rabo AgriFinance filed this federal suit seeking a deficiency judgment against Defendants after foreclosure of a deed of trust. Before the Court is the Defendants' *Motion for Abstention*, asserting that the issues in this case are the same as those in a prior pending state court action wherein the Defendants in this federal action are plaintiffs challenging the validity of the foreclosure and wherein Plaintiff Rabo AgriFinance is defendant.

## BACKGROUND

This case arises out of a series of loans made between Defendants. (collectively "the Veigel/Terra XXI entities") as either debtors or guarantors, and AgServices of America, Inc., predecessor in interest to Plaintiff Rabo AgServices, now Rabo AgriFinance ("Rabo"), which were obtained for conducting farming operations.  Between 1997 and 1999, through a series of four loans, AgServices of America, Inc. ("AgServices") provided funds to the Veigel/Terra XXI entities in exchange for promissory notes secured by deeds of trust on "approximately ten sections of land" in Deaf Smith County, held for the benefit of Ag Acceptance Corporation ("Ag Acceptance"), an AgServices-related financing company.  This land had already been encumbered by a previous security interest owned by First Ag Credit Corporation.  After execution of the promissory notes, the Deeds of Trust were properly recorded in the Deed of Records of Deaf Smith County, Texas, and the funds advanced to the Veigel/Terra XXI entities.

In August of 2000, the Defendants Veigel Farm Partners and Terra XXI Ltd, filed separately for Chapter 11 Bankruptcy protection.  Both eventually emerged from bankruptcy, filing Reorganization Plans.  The plans preserved the liens on the property as fully secured and added a second lien as an amendment to one of the loans.

During the course of the bankruptcy, the Veigel/Terra XXI entities, debtors in the bankruptcy, filed adversary claims against AgServices, seeking, inter alia, declaratory judgment establishing a superior right of title to the land.  Settlement of these adversary claims was reached.  The bankruptcy court dismissed all of the claims with prejudice.  Under the terms of the Settlement Agreement, the loan principal was restated from that in the Reorganization Plan. Rabo also agreed in the Settlement Agreement to advance the sum of $138,283.46, convey an interest in a separate parcel of land to Terra XXI, Ltd., and also dismiss another suit then

pending in Deaf Smith County.  In all other respects, the terms of the Reorganization Plans were maintained.

Thereafter, AgServices sent a Notice of Default to Vegel Farm Partners and Terra XXI, stating AgServices' intent to foreclose on the "second lien position" through a non-judicial proceeding and gave Veigel Farm Partners and Terra XXI 30 days to cure their default.

A foreclosure sale was conducted in which Ag Acceptance was the sole bidder.  Ag Acceptance foreclosed on AgServices' second lien position.  Soon after, on February 4, 2004, Ag Acceptance filed suit in the Justice Court of Deaf Smith County, Texas, seeking forcible entry and detainer against Terra XXI, Ltd., Veigel Farm Partners, Veigel Farms, Inc., and Grain Central Station, Inc. d/b/a Veigel Cattle Company.  Ag Acceptance brought the proceedings to enforce its sole claim to the land as a result of the deed of trust it had obtained through the foreclosure.  The Veigel/Terra XXI entities answered that suit, challenged the validity of Ag Acceptance's Original and Substitute Deeds of Trust, as being fraudulently induced and subject to the Veigels' homestead claims.  Thus began a complex and protracted set of court proceedings.

## The Present State Court Action

After the forcible entry and detainer action was filed, the Veigel/Terra XXI entities brought suit in Deaf Smith County District Court.  In essence, the state court suit challenged Rabo's title to the property foreclosed upon.  The Veigel/Terra XXI entities challenged the validity of Ag Acceptance's deeds of trust as being fraudulently induced and subject to the Veigels' homestead claims.  They sought to enjoin the proceedings in the justice court, claiming

that the district court had exclusive jurisdiction to consider the title issues they had raised. In addition to Ag Acceptance, they brought claims against AgServices and Rabo Agservices, Inc., as well as the trustee who issued the deeds, Marc Harmon. In this state district court suit, the Veigel/Terra XXI entities brought the same claims they had asserted as defenses in the justice court. They also challenged the foreclosure as being for inadequate consideration and for improper notice. Further, they claimed that the original deed of trust did not survive bankruptcy because they were extinguished through the Reorganization Plan, and that a substitute deed of trust allowing non-judicial foreclosure was nowhere authorized in the bankruptcy. They asserted claims for negligence, predatory lending, and interference with government contracts, as well as claims under the Bank Holding Company Act, and the Texas Anti-Trust Act. Lastly, the Veigel/Terra XXI entities also claimed a multitude of fraudulent and wrongful conduct by the Rabo entities. Although a number of these claims had already been raised and subsequently dismissed as a result of the Settlement Agreement in the bankruptcy proceedings, the Veigel/Terra XXI entities asserted the right to raise them anew because they alleged that the Rabo entities had breached the Settlement Agreement by failing to convey the interest in Deaf Smith County land owned by AgServices and to dismiss the other Deaf Smith County lawsuit; obligations they had taken on in the agreement.

**The Present Federal Action**

While the state court action was still pending, Rabo filed the present suit as a separate action in federal district court against the Veigel/Terra XXI entities. In this federal court, Rabo seeks to collect on the deficiency remaining after the funds from the trustee's foreclosure sale were applied against the restated amount of the original AgServices loan. Rabo claims that diversity of citizenship exists because Marc Harmon, the only non-diverse party in the state action, is not present in this federal case. The Veigel/Terra XXI entities answered as Defendants, raising defenses and cross-claims that are virtually identical to the claims that they asserted in the state action in which they challenged the foreclosure and Rabo's title.

### The State Court's Summary Judgment

After this federal action was filed, the state court issued partial summary judgment in favor of Rabo. In its order, the state court decided the following as a matter of law: (1) the deeds of trust of Rabo and notes were not extinguished by the Veigel/Terra XXI entities' bankruptcy; (2) the Veigel/Terra XXI entities could not maintain a claim for wrongful foreclosure; and (3) the Veigel/Terra XXI entities' claims for fraud, economic duress, negligence, DTPA, breach of contract, violations of the Bank Holding Company Act, and fraud in the inducement (of the initial loans) were barred by res judicata because these issues had already been dismissed with prejudice in the bankruptcy court.

No party contends that the state court's summary judgment order is determinative of the motion for abstention before this Court, because at least two claims remain in the state action after summary judgment. Under both Texas and Fifth Circuit law, a partial summary judgment is not a final judgment and has no res judicata or collateral estoppel effect. *United States v.*

*Horton*, 622 F.2d 144, 149 (5th Cir. 1980); *Mower v. Boyer*, 811 S.W. 2d 560, 562 (Tex. 1991).

## ANALYSIS

The Veigel/Terra XXI entities, defendants in this federal action, now move the Court to abstain from this federal proceeding in favor of the proceeding in state court. They claim that the parties and issues involved here are identical to those that have been asserted in the state district court. Rabo opposes abstention, as asserting that the deficiency action they have now brought has not yet been brought in the state court proceedings, and is therefore not currently part of the state controversy, and that some of the factual issues and parties in this action are not the same as those in the state action.

The doctrine of abstention provides that a court may, at its discretion, decline to exercise its jurisdiction over a matter when "principles of federalism and comity" dictate that the action should be left to a previously filed state action. *Webb v. B.C. Rogers Poultry, Inc*., 174 F.3d 697, 704 (1999) (quoting *Quackenbush. v. Allstate Ins. Co.*, 517 U.S. 706, 728 (1996)). Abstention is an "extraordinary and narrow exception" to the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). As a consequence, the balance in deciding a motion to abstain is heavily weighted toward the exercise of jurisdiction. *Black Sea Inv., Ltd. v. United Heritage Corp*., 204 F.3d 647, 650 (5th Cir. 2000).

Under the abstention standard developed in *Colorado River Water Conservation Dist. v. United States*, courts have discretion to dismiss only under "exceptional circumstances" where refraining in favor of parallel state proceedings serves an important countervailing interest, such

as consideration of "proper constitutional adjudication, regard for federal state relations, or wise judicial administration." *Colorado River*, 424 U.S. at 813-14; *Diamond Offshore*, 302 F.3d 531; *Stewart v. Western Heritage Ins. Co.*, 438 F.3d 488, 492 (2006).

In deciding whether "exceptional circumstances" exist to abstain under *Colorado River*, the Court is to analyze six different factors: (1) assumption by either court of jurisdiction over a res; (2) relative inconvenience of the forums; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the party invoking federal jurisdiction. *See Stewart*, 438 F.3d at 492 (citing *Kelly Inv., Inc. v. Continental Common Corp.*, 315 F.3d 494, 497(5th Cir. 2002)). These factors are not to be applied mechanically, but through careful balancing with the balance weighted in favor of the exercise of jurisdiction. *Moses H. Cone Mem'l Hosp. v. Mercury Contr. Corp.*, 460 U.S. 1, 16 (1983).

In Texas, an action to try title is considered an action *quasi in rem*. *Hardy v. Beaty*, 84 Tex. 562, 568-69 (Tex. 1892); *see also Leblanc v. Epstein*, No. Civ. A. H-03-0592, 2003 WL 24196892 *5 (S.D. Tex. 2003) (citing *Green Oaks Apts., Ltd. v. Cannan*, 696 S.W.2d 415, 418 (Tex. App.–Austin 1999, no. pet.)). The issue of title was therefore raised at the outset of the state action, when the Veigel/Terra XXI entities, plaintiffs in the state action, raised their claim to quiet title to the Deaf Smith County Properties. The state court then assumed jurisdiction over the res itself at that time, and that jurisdiction continues, because although the issues touching on title, including wrongful foreclosure, fraud in the inducement, and the validity of Rabo's deeds of trust, have been addressed by the partial summary judgment, the state court has not finally

disposed of the case. *See Martinez v. Humble Sand & Gravel, Inc.*, 875 S.W.2d 311, 312 (Tex. 1994). And although Rabo moved to have these issues severed from the action under Texas Rule of Civil Procedure 41, which would have made the judgment final, the state court declined to do so. *See Martinez*, 875 S.W.2d at 312-13.

It is a principle of long standing that if a state court has first taken jurisdiction of a res or property, a federal court must decline jurisdiction. *See PPG Industries*, 478 F.2d at 677; *Colorado River*, 424 U.S. 800, 819 ("[T]he court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other courts."); *Firstsouth Commercial v. First Nat. Bank of Jefferson*, No. Civ. A. 92-3679, 1993 WL 8312, *2 (E.D. La. Jan. 11, 1993). The federal court must yield in such cases because principles of comity prevent it from defeating or impairing the state's exercise of its own jurisdiction. *See Kline v. Burke Constr. Co.*, 260 U.S. 226, 229 (1922); *See also Key v. Wise*, 629 F.2d 1049, 1059 (5th Cir. 1980); *Leblanc*, 2003 WL 24196892 at *5 (noting that the Second and Ninth Circuits have found this factor dispositive in the *Colorado River* abstention analysis). Once a court assumes jurisdiction over a res, its control over the property continues unabated until "it has finally and disposed of the matter" by final judgment, or even afterwards if necessary to fully dispose of the res. *Rosenberger v. Rosenburger*, 95 F.2d 349, 350 (D.C. Cir. 1938); *Baltimore & O.R. Co. v. Wabash R. Co.*, 119 F. 678, 679 (7th Cir. 1902); *Wabash R. Co. v. Adelbert College of Western Reserve University*, 208 U.S. 38 (1908). However, jurisdiction is exclusive only insofar as is necessary, and therefore a court can adjudicate any rights in property of another court "not in conflict with that court's authority to decide questions within its jurisdiction and to make effective such decisions by its control of the property." *United States v. Klein*, 303 U.S. 276 (1938); *Albuquerque Nat. Bank v.*

*Citizens Nat. Bank in Abeline*, 212 F.2d 943, 949 (1954) (quoting *Penn General Casualty Co. v. Pennsylvania*, 294 U.S. 189, 198 (1935)).

A judgment for deficiency is an in personam action, and both federal courts and those of Texas can consider title issues in an action in personam. *Fisher v. Britton*, 125 Tex. 505 (1935) (describing deficiency action as in personam); *Hartman v. Sirgo Operating, Inc.*, 863 S.W.2d 764, 766 (Tex. App.-El Paso 1993, writ denied) (holding that a Texas court may enforce an in personam obligation by ordering a party to convey land); *see also*, *e.g.*, *Mandeville v. Canterbury*, 318 U.S. 47 (1943); *Miller v. Miller*, 423 F.2d 145 (10th Cir. 1970). Federal personam actions, even those that consider issues of title, need not fatally conflict with a state court's hold over a res in an in rem action. *See Markham v. Allen*, 326 U.S. 490, 494 (1946); *Kline v. Burke Constr.*, 260 U.S. 226, 227 (1922); *Signal Properties Inc. v. Farha*, 482 F.2d 1136, 1137 (5th Cir. 1973). Nevertheless, the fact that the state court exerts a hold on the res counsels abstention, because, the *Colorado River* abstention principles rest on principles of comity and restraint rather than purely on jurisdictional grounds. Thus, the presence of the res in the control of the state court weighs in favor of abstention here.

## SUMMARY AND CONCLUSION

Weighing in the balance the presence of the res in the state court, the danger of piecemeal litigation, the fact that the state court has already ruled on questions that would be considered again in this Court, and the protracted proceedings in state court as opposed to the comparative lack of activity in this Court, this Court concludes that it should abstain. The motion to abstain is therefore GRANTED.

It is SO ORDERED.

Signed this  5th  day of June, 2006.

/s/ Mary Lou Robinson
**MARY LOU ROBINSON**
**UNITED STATES DISTRICT JUDGE**