
**FILED**
**FEBRUARY 7, 2008**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RABO AGRIFINANCE, INC., an Iowa Corporation, | § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 2:05-CV-243 |
| VEIGEL FARM PARTNERS, a general partnership d/b/a Veigel Partners, VEIGEL FARMS, INC., TERRA XXI, LTD., GRAIN CENTRAL STATION, INC., a corporation d/b/a Veigel Grain Company, VEIGEL-KIRK, INC., BOB VEIGEL, INC., STEVE VEIGEL Individually, VICKI VEIGEL, INC., and VEIGEL CATTLE COMPANY, | § § § § § § § § § § | |
| Defendants. | | |

## **MEMORANDUM OPINION**

Plaintiff Rabo Agrifinance, Inc. filed suit against the above-named Defendants seeking monetary relief pursuant to Texas Property Code §51.003 for the deficiency resulting from foreclosure on a deed of trust lien. The Plaintiff alleges this deed of trust lien served as security for a series of notes made and owned by Defendants, and that Defendants defaulted on these notes. On December 21, 2007, Plaintiff filed a motion for summary judgment. On January 4, 2008, Defendants filed their response. With leave of the Court, Plaintiff supplemented the summary judgment record on January 22, 2008. Plaintiff filed a reply on January 24, 2008. Plaintiff's motion for summary judgment is GRANTED.

**BACKGROUND**

From 1997-1999, the Defendants in this case obtained loans from Rabo Agservices, Inc. (ASA) as either debtors or guarantors. These loans allowed the Defendants to conduct farming operations on approximately ten sections of land in Deaf Smith County, Texas. The loans were secured by liens upon and security interests in the assets of Veigel Farm Partners and Terra XXI, Ltd. This included a deed of trust lien on the land in Deaf Smith County. In total, there were four loans made.

- March 20, 1997: ASA agreed to advance up to $450,000 and Defendants executed a promissory note that was to be payable on or before January 31, 1998. This note was supplemented on May 19, 2005, increasing the maximum advance amount to $525,000.
- May 8, 1998: ASA agreed to advance up to $700,000 and Defendants executed a promissory note that was to be payable on or before January 31, 1999.
- May 20, 1998: ASA agreed to advance funds up to $150,000 and Defendants executed a promissory note that was to be payable on or before January 31, 1999. This note was amended on November 12, 1998, increasing the maximum advance amount to $797,468.40.
- May 18, 1999: ASA agreed to advance funds up to $785,000 and Defendants executed a promissory note that was to be payable on or before January 31, 2000.

In connection with these four notes, the Defendants executed and delivered deeds of trust for the benefit of Ag Acceptance Corporation ("AAC"), an entity related to ASA. These deeds of trust were recorded in Deaf Smith County, and provided that in the event of a default on the

notes, the Plaintiff can request that the trustee foreclose on the lien and sell the property at public auction.

Veigel Farm Partners filed for bankruptcy in August 2000. Terra XXI, Ltd. filed for bankruptcy shortly thereafter. Agreed orders were entered on December 10, 2001 in both bankruptcy cases. The amounts owed to ASA were fully secured by the various liens and security interests, which included a second lien on the Deaf Smith County land. The bankruptcies led both VFP and Terra XXI to file a complaint against ASA, which was resolved before trial. The memorandum settlement agreement was executed on October 20, 2002, and the bankruptcy court dismissed all causes of action against ASA the next day. After clarification by the bankruptcy court, a more detailed settlement agreement was executed. The principal sum of the liens was restated to $1,500,000 plus interest as of October 21, 2002. At that time, Terra XXI executed and delivered to ASA a lien extension agreement, which was recorded.

VFP and Terra XXI defaulted on their obligations under these agreements. Veigel Farm Partners and Terra XXI were sent notices of default and acceleration. Notice of foreclosure of AAC's deed of trust lien upon the Deaf Smith County property was also given. A foreclosure sale was held on September 2, 2003. AAC was the sole bidder, and foreclosed on ASA's second lien position for $20,000. This position was subject to prior encumbrances and unpaid *ad valorem* taxes. A substitute trustee's deed was issued in favor of AAC.

Plaintiff now claims that Defendants owe in deficiency the balance of the various notes, accrued interest, the *ad valorem* taxes that ASA paid, and the additional costs that were associated with the sale; minus the $20,000 credit from the proceeds of the Trustee's Sale and other credits. Plaintiff now requests a deficiency judgment for the amount of $1,964,355.06,

minus the credits they will give Defendants when the equipment foreclosed on in case 2:06-cv-153 is sold.

Plaintiff seeks summary judgment on the issues of recovery on a promissory note and recovery for a deficiency judgment. Defendants claim that the affirmative defense of *res judicata*, the affirmative defense of statute of limitations, and factual disputes surrounding Plaintiff's ownership of the right to recover a deficiency prevent summary judgment.

## DISCUSSION

This Court may grant summary judgment on a claim if the record shows that there is no genuine issue of material fact and that "the moving party is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(c)*. A party who moves for summary judgment has the burden to identify the parts of the pleadings and discovery on file that, together with any affidavits, show the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant carries this burden, then the burden shifts to the nonmovant to show that the Court should not grant summary judgment. *Id.* at 324-25. The nonmovant must set forth specific facts that show a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The nonmovant cannot rely on conclusory allegations, improbable inferences, and unsupported speculation. *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1449 (5th Cir. 1993). The Court must review the facts and draw all inferences most favorable to the nonmovant. *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

### Recovery on a Promissory Note

Recovery on promissory notes requires proof that (1) the Defendant signed the notes; (2) the Plaintiff is the present owner or holder of the notes; and (3) the notes are in default. *U.S. v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001), *citing FDIC v. Selaiden Builders, Inc.*, 973 F.2d

1249, 1254 (5th Cir. 1993). On each of these three elements, there is no genuine issue of material fact.

First, the Defendants signed the notes. The $450,000 note was signed by all Defendants except Terra XXI Ltd., as shown in pages 25-35 of the Appendix to Plaintiff's Motion for Summary Judgment ("Plaintiff's Appendix"). The $700,000 note was signed by all Defendants (*Plaintiff's Appendix,* pg. 36-47); the $150,000 note was signed by all Defendants (*Plaintiff's Appendix,* pg. *48-54*); and the $785,000 note was signed by all Defendants except Vicki Veigel Inc. (*Plaintiff's Appendix,* pg. 55-64). When Defendants Veigel Farm Partners and Terra XXI filed for bankruptcy protection in August and September of 2000, the second lien debt was preserved in the December 2001 bankruptcy plans. *Plaintiff's Appendix,* pg. 103, 116. As a result of a bankruptcy-related lawsuit being settled, the Second Lien Debt obligation was reduced to $1,500,000. That settlement agreement was signed by all of the Defendants. *Plaintiff's Appendix,* pg. 70-86. All Defendants except Veigel Farm Partners then signed a ratification of unlimited guaranty. *Plaintiff's Appendix,* pg. 87-91. In their response, Defendants provide no facts to challenge the signatures on the notes. There is no genuine issue of material fact that the Defendants signed the notes in question.

Second, the Plaintiff is the present owner of the notes. Ag Services of America (ASA) was the original lender on the 1997 and 1998 notes. *Plaintiff's Appendix,* exhibits 2A-2D. These notes were endorsed from ASA to Ag Acceptance Corporation, resulting in Ag Acceptance Corporation holding the debt and ASA servicing the notes. *Affidavit of John Roth ("Roth affidavit"),*¶ *7*. In September 2003, Ag Acceptance Corporation foreclosed on property in Deaf Smith County while they still owned the debt. *Id.* at ¶ 10. In October 2003, the debt was

transferred back to ASA from Ag Acceptance Corporation. *Id.* at ¶ 11. Rabo Agrifinance, Inc., the Plaintiff in this case, is the successor entity to ASA. *Id.*

To challenge this summary judgment evidence of ownership, Defendants make two arguments. They allege that there are inconsistent ownership statements in other evidence before the Court and that the affidavit evidence is insufficient for summary judgment purposes. Defendants claim the ownership information is contradicted by prior testimony from John Roth, testimony before the Court by Ms. Kobliska, and the deposition testimony of Robert Stevens. The prior affidavit of John Roth was made in September of 2006. *Defendant's Appendix, Exhibit 4*. The affidavit was therefore made prior to ASA changing its name to Rabo AgServices Inc. and merging with Rabo Agrifinance Inc., resulting in the company that is the plaintiff in the present case. *Plaintiff's Appendix, Roth Affidavit,* ¶3. The other testimony also describes the status of the debt prior to the merger. There is no contradiction, and Defendants have brought forth no evidence to dispute the present ownership of the debt. Additionally, the affidavit testimony here is sufficient. With no "controverting evidence, affidavit testimony together with a true and correct copy of a note proves ownership for summary judgment purposes." *Bean v. Bluebonnet Sav. Bank FSB*, 884 S.W.2d 520, 522 (Tex. App. –Dallas 1984, no writ); *see also Zarges v. Bevan*, 652 S.W.2d 368,369 (Tex. 1983) (per curium). There is no genuine issue of material fact that Plaintiff owns the notes in question.

Third, the notes are in default. In fact, there has already been a foreclosure because of the default. In the related state court action, Cause No. CI-04B-011, the court ruled on summary judgment that the foreclosure was not wrongful. *22nd District Court Opinion*, ¶ 14. Additionally, the jury found that the foreclosure was not wrongful. *Plaintiff's Appendix,* pg. 150.

The Defendants have offered no evidence to show that they were not in default, and there is no genuine issue of material fact.

## Recovery for a Deficiency Judgment

Recovery for a deficiency judgment after foreclosure requires proof of: (1) the amount due on the note at the time of the foreclosure; (2) proper notice of acceleration having been given; (3) a valid foreclosure sale having taken place; and (4) credit given for the amount received at the foreclosure sale and any other legitimate credits. *Thompson v. Chrysler First Business Credit Corp.*, 840 S.W.2d 25, 28 (Tex. App. – Dallas, 1992, no writ), *citing Caruth Mortgage Corp. v. Ford*, 630 S.W.2d 897, 899 (Tex. App. – Houston [1st Dist.] 1982, no writ) and *Williams v. Henderson*, 580 S.W.2d 37, 39-40 (Tex. Civ. App. – Houston [1st Dist.] 1979, no writ).

First, Plaintiff has submitted proof of the amount due on the note at the time of the foreclosure. The spreadsheet attached to John Roth's affidavit shows the amount due at the time of foreclosure was $1,610,042.86. *Plaintiff's Appendix, Exhibit 2J*. Defendants have introduced no evidence to contradict this figure. There is no genuine issue of material fact as to this amount being owed at the time of foreclosure.

Second, proper notice of acceleration was given. This issue was resolved in the state court case, Cause No. CI-04B-011, and is therefore *res judicata*. The principle of *res judicata* is that "an existing final judgment rendered upon the merits by a court of competent jurisdiction upon a matter within its jurisdiction is conclusive of the rights of the parties in all other actions on the points at issue and adjudicated in the first suit." *Abbott Laboratories v. Gravis*, 470 S.W.2d 639, 642 (Tex. 1971), *citing Permian Oil Co. v. Smith*, 129 Tex. 413 (1937), 2 Freeman on Judgments (5th ed.) 1322. If a particular issue is resolved in a prior suit, collateral estoppel

prevents its relitigation later in another suit. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992). The court ruled that the Plaintiff in this case was entitled to summary judgment on the issue of having given proper notice of acceleration. *22nd District Court Opinion,* ¶ 15. There is no genuine issue of material fact that proper notice of acceleration was given.

Third, a valid foreclosure sale took place. This issue is also *res judicata*, as the state court found that the foreclosure sale was valid. The court ruled against the present Defendants' claims of wrongful foreclosure at the summary judgment stage of the state court litigation. *22nd District Court Opinion,* ¶ 14. The jury also found that the foreclosure was not wrongful. *Plaintiff's Appendix, pg. 150*. Defendants have brought forth no evidence that the foreclosure sale was invalid, and there is no genuine issue of material fact.

Finally, credit has been given for the amount received at the foreclosure sale and other legitimate credits. John Roth's affidavit and attached spreadsheet show a credit given for the $20,000 received at the foreclosure sale. *Roth Affidavit*, ¶ 10. Other credits were made for an overpayment received from three CRP checks applied to the debt, excess funds generated by a foreclosure sale on October 7, 2003, rent received, and receipt of additional CRP checks. *Id.* at ¶ 13. Defendants are also entitled to a credit for the value of the equipment foreclosed on in case No. 2:06-cv-153, judgment in which is now final.[1] Defendants have produced no evidence to dispute the legitimacy of these credits, and there is no genuine issue of material fact that credit was given.

Plaintiff has provided evidence showing its entitlement to recovery on a promissory note and on the deficiency. The Defendants have not created any genuine issues of material fact to prevent summary judgment on these issues.

---

[1] Final judgment in case 2:06-cv-153 was entered on January 15, 2008.

## Defendants' Affirmative Defenses

### *Res Judicata*

Defendants argue that summary judgment is inappropriate because they have an affirmative *res judicata* defense against the Plaintiff. Defendants claim that Plaintiff's cause of action in this case is barred by a final judgment in the related state court case. They argue that the Plaintiff's present claim qualifies as a compulsory counter-claim in the related state-court action. Defendants argue that since the claim was compulsory and was not filed, it is barred. This argument fails for two reasons.

First, the deficiency claim that is the basis for this lawsuit was not a compulsory counterclaim in the state court action. Texas law provides that if "a borrower files an action challenging the validity of a secured debt…," the secured party is not required to "counterclaim to collect on the debt if the creditor has a contractual right to pursue a nonjudicial foreclosure." *Douglas v. FNCNB Tex. Nat. Bank*, 979 F.2d 1128, 1130 (5th Cir. 1992), *citing Kaspar v. Keller*, 466 S.W.2d 326, 329 (Tex. Civ. App. –Waco 1971, writ ref'd n.r.e.); *see also Thurman v. Federal Deposit Ins. Corp.*, 889 F.2d 1441, 1444 (5th Cir. 1989). This rule allows what would ordinarily be a compulsory counterclaim to be filed in a separate suit to prevent the "borrower from depriving its lender of a choice of remedies." *Id*. The Plaintiff in this case had a contractual right to pursue nonjudicial foreclosure, had a secured debt, and faced an action challenging that debt's validity. The deficiency claim was therefore not a compulsory counterclaim.

The cases that Defendants cite for their opposite conclusion deal with various situations that are dissimilar to the present case and do not support their argument that the deficiency action was a compulsory counterclaim in the state court action. *See, e.g., Landry v. Cross Country*

*Bank*, 431 F. Supp. 2d 682, 687 (S.D. Tex 2003) (Counterclaim was an underlying debt collection claim); *Phillips v. FDIC*, 124 B.R. 712, 717-18 (Bankr. W.D. Tex. 1991) (Filing suit attacking the collectability of a debt does not force the lender to pursue judicial foreclosure); *Howe v. Vaughn*, 913 F.2d 1138, 1144 (5th Cir. 1990) (Dealing with the res judicata affect of a confirmation order).

Second, the Court has already ruled on this issue in Case 2:06-cv-153. The Court noted in that case that the Defendants were contending that "claims for a deficiency and judicial foreclosure were compulsory counterclaims in a prior case." *Opinion in 2:06-cv-153*, p. 4. Citing *Douglas*, the Court made the following conclusion of law, "If a debtor sues a creditor to challenge a secured debt's validity, counterclaims to recover the debt or to foreclose on the collateral are not compulsory as long as the creditor has a contractual right to pursue a nonjudicial foreclosure." *Id.*, page 13, ¶ 9. Since the issue was already adjudicated in a prior case, the Defendants are collaterally estopped from raising it and it cannot be relitigated in this case.

This affirmative defense therefore fails to prevent a grant of summary judgment for the Plaintiff.

*Statute of Limitations*

Defendants also argue that the affirmative statute of limitations defense should prevent a grant of summary judgment. Defendants point out that although this lawsuit was filed within the statute of limitations, citation was not issued and service not made until after the limitations period had run. Defendants also pled and argued this affirmative defense in case 2:06-cv-153, judgment in which is now final. In that case, the Court concluded, "Because Plaintiffs filed a claim for deficiency 2:05-cv-243-J within two years of the foreclosure sale and used diligence in

serving the defendants, the statute of limitations does not bar their claim for a deficiency."
*Opinion in 2:06-cv-153-J*, page 13, ¶ 7. Since this issue was already resolved in a prior suit, collateral estoppel prevents its relitigation now. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992).

Defendants are correct that Plaintiff bore the burden at trial of explaining the reasonableness of the delay in issuing and serving citation on the Defendants. *Zimmerman v. Massoni*, 32 S.W.3d 254, 256 (Tex. App. –Austin 2000, pet. denied). The Court heard testimony on the issue, and ruled that the Plaintiff's actions were reasonable. However, Defendants cite no authority regarding the applicable standard when the Court has already ruled on the issue after a trial on the merits. The cases Defendants cite deal with other standards for various situations. *See, e.g., Saenz v. Keller Industries of Texas, Inc.*, 951 F.2d 665, 667-68 (5th Cir. 1992) (Grant of summary judgment based on reasonableness determination overruled by appellate court); *Bilsing v. State Industries, Inc.*, 173 F. Supp. 2d 593, 596 (S.D. Tex. 2001) (Grant of summary judgment based on reasonableness determination appropriately denied); *Buie v. Couch*, 126 S.W.2d 565 (Tex. Civ. App. –Waco 1939, writ ref'd) (Jury verdict for plaintiff overturned on direct appeal based on statute of limitations defense); *Perkins v. Groff*, 936 S.W.2d 661, 668 (Tex. App. –Dallas 1996, writ denied) (Summary judgment appropriately granted because plaintiff offered no explanation for delay in issuing citation); *Rodriguez v. Tinsman & Houser, Inc.*, 13 S.W.3d 804 (Tex. App. –San Antonio, 1999, pet. denied) (Summary judgment appropriately granted because plaintiff's explanation for delay in issuing citation was inadequate).

These cases do not deal with the appropriate standard in the present case. Here, because the Court has already ruled on the issue following a full trial, a different standard applies.

Federal Rule of Civil Procedure 52(a) states, "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witness." The Defendants have introduced no new evidence to show that the Court's ruling was clearly erroneous. The ruling should therefore not be disturbed, and the Defendants' affirmative statute of limitations defense fails.

## Conclusion

The Plaintiff has provided evidence showing that there is no genuine issue of material fact regarding Plaintiff's entitlement to recover on the promissory note and deficiency. The Defendants' affirmative defenses of *res judicata* and statute of limitations fail. The Court grants the Plaintiff's motion for summary judgment on entitlement to monetary relief on the basis of the promissory notes and deficiency.

However, the Court cannot determine the exact dollar figure that Plaintiff is entitled to until the equipment at issue in case 2:06-cv-153 is foreclosed upon and credit is given to the Defendants for the value of the equipment. Plaintiff is entitled to $1,964,355.06, less the credits that will be given for the foreclosed upon equipment. Plaintiff has 60 days from the date of this memorandum opinion to submit competent summary judgment evidence detailing the credits given as a result of the equipment being foreclosed upon.

IT IS SO ORDERED.

Signed this 7th day of February, 2008.

/s/ Mary Lou Robinson

**MARY LOU ROBINSON**