

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RABO AGRIFINANCE, INC., an Iowa Corporation, | § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 2:05-CV-243 |
| VEIGEL FARM PARTNERS, a general partnership d/b/a Veigel Partners, VEIGEL FARMS, INC., TERRA XXI, LTD., GRAIN CENTRAL STATION, INC., a corporation d/b/a Veigel Grain Company, VEIGEL-KIRK, INC., BOB VEIGEL, INC., STEVE VEIGEL Individually, VICKI VEIGEL, INC., and VEIGEL CATTLE COMPANY, | § § § § § § § § § § | |
| Defendants. | | |

## **MEMORANDUM OPINION**

On June 27, 2008, Defendants' counsel Van Northern filed a *Motion for Extension of Time to File a Notice of Appeal* from the final judgment in this cause entered on April 30, 2008. Defendants' motion is DENIED.[1]

### **BACKGROUND**

The Court issued a memorandum opinion granting Plaintiff's motion for summary judgment on February 7, 2008. However, before entering final judgment, the Court ordered that Plaintiff file competent summary judgment evidence detailing credits to be given to the Defendants as a result of foreclosure sales within 60 days. On February 19, 2008, Plaintiff filed

---

[1] On June 30, 2008, a different counsel for Defendants, Durham & Pittard, LLP filed a *Limited Notice of Appearance* and *Notice of Appeal*.

a *Motion for Order in Aid of Foreclosure and Execution*. Defendants filed a *Motion for Extension of Time to File Response* on March 10, 2008. The Court granted that motion, and Defendants' filed their *Amended Response* to Plaintiff's motion on March 21, 2008. This response also included a motion for a stay. After an evidentiary hearing, the parties signed an *Agreed Order* on April 7, 2008. This agreed order dismissed Plaintiff's motion for order in aid of foreclosure and execution and also withdrew Defendants' motion for a stay. On April 30, 2008, the Court entered final judgment in this case in favor of the Plaintiff. On May 2, 2008, the Court ordered the Plaintiff to submit briefing and affidavits on its request for attorneys' fees. Plaintiff did so on May 20, 2008.

Although final judgment was entered on April 30, 2008, Defendants failed to file a notice of appeal by May 30, 2008. Defendants now request, pursuant to FED. R. APP. P. 4(a)(5)(c), an extension of time to file their notice of appeal.

## DISCUSSION

In a civil case, notice of appeal must be filed with the district clerk within 30 days after the judgment is entered. FED. R. APP. P. 4(a)(1)(A) (2008), see also *Moody National Bank of Galveston v. GE Life and Annuity Assurance Co.*, 383 F.3d 249, 250 (5th Cir. 2004).

If any of the following motions are filed, the time for appeal runs 30 days after that motion is disposed of: a motion to amend or make new factual findings, a motion for attorney's fees if the district court extends the time to appeal under Rule 58, a motion to alter or amend the judgment, or a motion for relief under Rule 60 if filed not later than 10 days after judgment is entered.[2] FED. R. APP. P. 4(a)(4)(A) (2008).

---

[2] In this case, Defendants filed their Rule 60 motion for *Relief from Judgment* on June 27, 2008; more than 10 days after judgment was entered on April 30, 2008.

If a party does not meet those deadlines, a district court may nevertheless extend the time to file a notice of appeal in certain circumstances. First, the party must ask for the extension no later than 30 days after the deadline has expired. FED. R. APP. P. 4(a)(5)(A)(i) (2008). Second, the party must show "excusable neglect or good cause." FED. R. APP. P. 4(a)(5)(A)(ii) (2008).

### Plaintiff's Motion for Attorneys' Fees

Defendants argue that the April 30, 2008 judgment was not a final judgment because the Plaintiff's motion for attorneys' fees "requires the further adjudication of substantive issues in this Cause instead of mere collateral issues." *See Defendant's Motion for Extension of Time to File a Notice of Appeal*, ¶3. As a result, Defendants argue that the April 30 judgment did not begin the 30 day countdown for filing a notice of appeal.

Defendants' position is without merit and is contradicted by the Rules of Civil Procedure and by case law. The Federal Rules provide that a "timely motion for attorneys' fees…under Rule 54(d)(2)" only has "the same effect…as a timely motion under Rule 59" *if* the Court so orders. FED. R. CIV. P. 58(e) (2008) (emphasis added), *see also* FED. R. CIV. APP. 4(a)(4)(A) (2008). Under the plain language of the rules, "[p]ost judgment motions addressing attorney's fees can only extend the time for appeal if…the court orders that the motion be considered as a Rule 59 motion." *Moody*, 383 F.3d at 253. In this case, the Court's May 2, 2008 order that Plaintiff brief the issue of attorneys' fees did *not* order that the motion for attorneys' fees be given the same effect as a timely Rule 59 motion. Defendants admit this fact in their brief. *See Defendant's Motion for Extension of Time to File a Notice of Appeal*, ¶25. Therefore, the motion for attorneys' fees did not have the effect of extending the deadline to file a notice of appeal.

Case law also undermines the Defendants' argument. The Supreme Court has ruled that "a decision on the merits is a 'final decision'…whether or not there remains for adjudication a

request for attorney's fees attributable to the case." *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202-03 (1988). The Fifth Circuit has held that *Budinich* "made it patent that a motion for costs or attorney's fees is not to be deemed a Rule 59 motion, even where the cost or fee award might be viewed as an integral part of the merits." *Samaad v. City of Dallas*, 922 F.2d 216, 218 (5th Cir. 1991), *see also Moody*, 383 F.3d at 252.

In support of their argument, Defendants cite to *Deus v. Allstate Insurance Company*. 15 F.3d 506 (5th Cir. 1994). In *Deus*, the Plaintiff had switched law firms in the middle of the case. Before final judgment was entered, the first law firm intervened to collect on their original retainer contract. *Deus*, 15 F.3d at 521. The Court entered final judgment without dealing with the attorneys' fees issue. The Fifth Circuit held that the attorneys' fee issue in this case was not collateral since the demand for attorneys' fees was part of the merits of the case. *Id.* The involvement of the third party only mattered because the Court's order did not adjudicate all of the claims and rights of all of the parties in the case. *Id.*

Defendants cite to *Deus* to support two arguments. First, Defendants argue that the case illustrates that a judgment is not final if attorneys' fees issues are still pending. However, *Deus* directly undermines that argument. The Fifth Circuit recognized that generally, costs and attorneys' fees are "collateral matters for purposes of finality." Deus, 15 F.3d at 521, *citing Samaad*, 922 F.2d at 218 (5th Cir. 1994). The Court held that the issue of attorneys' fees could not be considered merely a collateral issue in that particular case because the fees constituted "an independent claim of one party against another that happen[ed] to be for fees earned." *Id.* In the present case, the attorneys' fees do not comprise an independent claim of one party against another, but fall into the traditional category of attorneys' fees as collateral issue which has no effect on the finality of the judgment.

Second, Defendants rely on *Deus* for the proposition that involvement of a third party in an attorneys' fees claim prevents a judgment from being final. The Plaintiff's motion for attorneys' fees seeks to recover fees incurred in related state court suits that involved another party, Ag Acceptance Corporation (AAC). Defendants assert that this means a third party is effectively seeking to intervene in this case. Unlike *Deus*, the present case does not involve a third party intervener. Plaintiff is merely trying to recover attorneys' fees that it incurred in the related state court suit, not attorneys' fees that AAC incurred. AAC is not a party in this case and does not have any rights to be adjudicated. The Court's final judgment entered on April 30, 2008 is therefore final despite the pending attorneys' fees issue.

Any mistaken belief that the motion for attorneys' fees extended the deadline for filing a notice of appeal would not constitute excusable neglect or good cause. In fact, "reliance on an attorney's misinterpretation of an unambiguous, well-settled rule affecting the date for filing a notice of appeal is inexcusable." *Microsoft Corp. v. H.C. Distributors, Inc.*, 145 Fed. Appx. 864, 865 (5th Cir. 2005), *citing Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 469-70 (5th Cir. 1998), *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993).

## Request for Supersedeas Bond and Stay

On February 7, 2008, the Court granted Plaintiff's motion for summary judgment. On April 30, 2008, the Court entered judgment for Plaintiff. In between those two orders, the Defendants filed a motion to extend time to respond to the Plaintiff's motion for order in aid of execution. After receiving extra time, the Defendants filed an amended response on March 21, 2008. That amended response included a motion to stay the case, and requested a stay without bond because of Defendants' negative net worth. The only reference to an appeal in that document is when the Defendants stated that "[t]he thrust of the inquiry to determine whether a

trial court should lower the amount of security otherwise required to suspend the enforcement of a judgment pending an appeal is whether the judgment debtor has the ability to meet the supersedeas requirement…" (citation omitted). The Defendants only requested a stay until final judgment had been entered in the case, and requested a hearing to determine Defendants' ability to post bond to stay the execution or enforcement of the judgment. Defendants argue that this request for a stay or for supersedeas bond constituted a notice of appeal.

Neither the Defendants' motion to extend the deadline to respond or the Defendants' amended response was styled as a notice of appeal. However, a filing can be the "'functional equivalent' of the formal notice of appeal demanded by" the rules. *Smith v. Barry*, 502 U.S. 244, 248 (1992). "[A]ny statement, made either to the district court or to the Court of Appeals, that clearly evinces the party's intent to appeal" can satisfy the notice of appeal requirement. *Cobb v. Lewis*, 488 F.2d 41, 45 (5th Cir. 1974). In this case, the Court does not have to decide if either of Defendants' filings were the "functional equivalent" of a notice of appeal because the Defendants signed an agreed order withdrawing their request for a stay. In the April 7, 2008 *Agreed Order Dismissing Plaintiff's Motion for Order in Aid of Foreclosure and Execution with Conditions,* Defendants' withdrew their motion for stay in the case, "since no final judgment has been entered." ¶8. The agreed order also states that the conditions and terms it contains are "intentionally drafted and stated to be strictly interpreted…" ¶ 11.

Defendants argue now that although they withdrew the document they argue contained their notice of appeal, the notice itself is still good. Defendants cite no law to support their argument that a party can agree to withdraw its motion for stay and yet not withdraw some sub-part of the motion that informed the other party of an intention to appeal. With no supporting

law, Defendants' theory cannot serve as excusable neglect or good cause for their failure to file a timely notice of appeal.

### Confusion between Defendants, Trial Counsel, and Appellate Counsel

Defendants allege that the confusion between the individual Defendants, trial counsel, and appellate counsel contributed to the failure to file a timely notice of appeal. There is evidence of strained, difficult relationships between Defendants and their attorneys as discussed by Mr. Steve Veigel's affidavit. However, such confusion does not constitute excusable neglect or good cause for a failure to file the notice of appeal in the present case.

First, despite any confusion, Mr. Veigel's affidavit makes clear that some facts were known by all counsel and by the Defendants. Mr. Veigel was aware that final judgment had been entered on April 30. *Veigel Affidavit*, ¶ 13. Mr. Veigel knew a Rule 59 motion or a notice of appeal must be filed within the deadlines. ¶13. Mr. Veigel had even emailed appellate counsel, Durham & Pittard, a copy of the final judgment on May 12, 2008. ¶14. Mr. Veigel also states his awareness that Mr. Northern was trial counsel only, and would not perform any appellate duties. ¶8. Mr. Veigel also understood that Durham & Pittard would do appellate work only, and not handle any post-judgment trial court matters. ¶8.

Second, there is no competent evidence that there was confusion on the part of appellate counsel, Durham & Pittard. Mr. Veigel's affidavit contains only speculation or statements lacking foundation and knowledge on the issue. ("I may have inadvertently caused Mr. Durham to assume that as part of Mr. Northern's motion that a notice of appeal was filed." ¶ 12. "Durham & Pittard believed that time to appeal would be extended by the expected filing of a FED. R. CIV. P. RULE 59 motion by Mr. Northern." ¶15. "Mr. Northern expected that I had informed Durham & Pittard on May 12th that no FED. CIV. P. RULE 59 motion would be filed and

that Durham & Pittard would file the notice of appeal timely." ¶15.) Mr. Veigel cannot attest to the mindset or level of knowledge of his appellate counsel.

Third, any confusion is the fault of Defendants. Mr. Steve Veigel filed several pro se filings in these cases seeking to represent parties other than himself after being told by the Court that he could not practice law without a license. This led to the breakdown in the attorney-client relationships and caused trial counsel in several related cases to withdraw.

These three facts differentiate the present case from the case Defendants cite for the proposition that confusion on the part of counsel can constitute excusable neglect. In *In Re Buckingham Super Markets, Inc.*, the District of Columbia Court of Appeals held that the district court judge had not abused his discretion in finding excusable neglect due to confusion between trial and appellate counsel as to which attorney would file the notice of appeal. 631 F.2d 763, 766 (1980). In this case, however, it was clear to trial counsel, appellate counsel, and Defendants that Durham & Pittard was serving as appellate counsel and would file the notice of appeal. Confusion regarding earlier motions that can be attributed to the actions of Defendants themselves does not rise to the level necessary to justify a finding of excusable neglect.

The alleged confusion between Defendants, their trial counsel, and their appellate counsel is not sufficient to constitute excusable neglect or good cause for failure to file a timely notice of appeal.

## Alleged Lack of Surprise or Prejudice to Plaintiff

Defendants argue that the Plaintiff will not suffer surprise or prejudice if the Court extends the deadline for filing notice of appeal in this case. First, Defendants argue that several documents filed with the Court put the Plaintiff on notice that Defendants intended to appeal. The first of those documents is Defendants' March 10, 2008 *Motion to Extend Time to File*

*Response to Plaintiff's Motion for Order in Aid of Foreclosure and Execution*. In that document, Defendants requested a stay of the proceedings until final judgment is entered. However, nothing in the motion indicates that Defendants plan to appeal the judgment. Furthermore, when the Court granted the extension to file the response on March 11, 2008, the Court specifically noted that no other relief requested in the motion was granted. The second document that Defendants argue put Plaintiff on notice is *Defendants' Amended Response to Plaintiff's Motion for Order in Aid of Foreclosure and Execution; Request for Stay* filed on March 21, 2008. That response does include a request not only for a stay, but also for a hearing to determine Defendants' ability to post bond to stay the execution or enforcement of the judgment. As discussed above, the Defendants agreed to withdraw that motion. Finally, Defendants argue that an affidavit by the Plaintiff's counsel shows that Plaintiff knew Defendants intended to appeal. Nothing in the referenced affidavit shows any knowledge of Defendants' possible intentions to appeal. Furthermore, even if any of these documents had alerted the Plaintiff to Defendants' intent to appeal, when the deadline for notice of appeal passed without a filing, Plaintiff reasonably would have assumed that Defendants did not intend to seek an appeal.

Plaintiff would be prejudiced by an extension of the time allowing for notice of an appeal. Plaintiff argues that a further delay in resolving the litigation between the parties would prejudice Plaintiff and further hinder Plaintiff's ability to recover. Plaintiff argues that despite winning multiple cases against Defendants, Defendants continue to delay paying Plaintiff and satisfying the judgments. Defendants' argument that it would be to the benefit of Plaintiff to consolidate this case with the appeal of cause no. 2:06-cv-153 is not true. The appellate process in cause no. 2:06-cv-153 is already well underway, and the appellant's brief was due on July 3, 2008. There is no articulated reason why a consolidated review would fail to prejudice the

Plaintiff. Extending the deadline would create a delay and have a negative impact on the Plaintiff. Defendants' assertions to the contrary are unsupported by facts.[3]

Further, even if there is a showing of lack of prejudice, the court is "justified in finding that counsel's misconstruction of the rules was not 'excusable' neglect." *Halicki*, 151 F.3d at 469, n.4, *citing Prizevoits v. Indiana Bell Tel. Co.*, 76 F.3d 132, 134 (7th Cir. 1996). A "mere absence of harm" to the other party does not make inexcusable neglect excusable. *Id.*

## Conclusion

Defendants have failed to show excusable neglect or good cause for their failure to file a timely notice of appeal. Defendants' motion for extension of time to file a notice of appeal is therefore DENIED.

IT IS SO ORDERED.

Signed this 15th day of July 2008.

/s/ Mary Lou Robinson

**MARY LOU ROBINSON**

---

[3] Defendants also argue that because related cause no. 2:06-cv-153 is currently being appealed, any reversal or medication in that case would result in a motion for relief from a final judgment in this case. Defendants argue additionally that the pending motion for attorneys' fees in this case could also result in an appeal. These issues do not justify an extension of time to file the notice of appeal in the present case. Even if this case must be revisited at a later time, the Plaintiff has not shown good cause or excusable neglect to allow an appeal to go forward now.