
FILED
JULY 28, 2008
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RABO AGRIFINANCE, INC., an Iowa Corporation, | § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 2:05-CV-243 |
| VEIGEL FARM PARTNERS, a general partnership d/b/a Veigel Partners, VEIGEL FARMS, INC., TERRA XXI, LTD., GRAIN CENTRAL STATION, INC., a corporation d/b/a Veigel Grain Company, VEIGEL-KIRK, INC., BOB VEIGEL, INC., STEVE VEIGEL Individually, VICKI VEIGEL, INC., and VEIGEL CATTLE COMPANY, | § § § § § § § § § § § | |
| Defendants. | | |

## MEMORANDUM OPINION

On April 30, 2008, the Court entered judgment for the Plaintiff in this case. On June 27, 2008, Defendants filed a *Rule 60(b)(4) Motion for Relief from Judgment*. Plaintiff filed a response on July 18, 2008. Defendants' motion is DENIED.

### BACKGROUND

This lawsuit was an action to recover the deficiency that remained on the Defendants' Second Lien Debt following a foreclosure that failed to satisfy the full amount of the debt. On February 7, 2008, the Court granted Plaintiff's motion for summary judgment and issued a memorandum opinion. However, before entering final judgment, the Court ordered that Plaintiff file competent summary judgment evidence detailing credits to be given to the Defendants as a result of foreclosure sales within 60 days. Plaintiff did so, and the Court entered final judgment

in Plaintiff's favor on April 30, 2008. Defendants filed a *Motion for Extension of Time to File a Notice of Appeal* on June 27, 2008, which the Court denied on July 15, 2008.

## DISCUSSION

The federal rules provide that "[o]n motion and just terms, the court may relieve a party…from a final judgment" if "the judgment is void." FED. R. CIV. P. 60(b)(4) (2008). If the underlying judgment was void, the district court must grant a Rule 60(b)(4) motion. *Recreational Prop. Inc. v. Sw. Mortgage Serv. Corp.*, 804 F.2d 311, 314 (5th Cir. 1986), *citing Honneus v. Donovan*, 691 F.2d 1, 2 (1st Cir. 1982), *Jordon v. Gilligan*, 500 F.2d 701, 704 (6th Cir. 1974), *cert. denied*, 421 U.S. 991 (1975).

Defendants allege that the underlying debt in this case was discharged in bankruptcy proceedings and was improperly the basis for this Court's judgment. As a result, Defendants allege that the judgment is void under Federal Rule 60(b)(4).

### Defendants' Extinguishment Argument is Substantively Incorrect

Defendants argue that the underlying judgment is void because the debt that it is based opon was extinguished in prior bankruptcy proceedings. Defendants argue in their motion that "upon confirmation of the respective plans of reorganization, all prior debt, including the four original promissory notes was discharged and extinguished pursuant to 11 U.S.C. §1141(d)." Defendants' argument is flawed in several respects.

First, bankruptcy proceedings do not automatically extinguish all pre-existing debts. Rather, the law provides that "after confirmation of a plan, the property dealt with by the plan is free and clear of all claims and interests of creditors, equity security holders, and of general partners" except "as otherwise provided in the plan or in the order confirming the plan." 11 U.S.C. §1141(c) (2008). Therefore, only a judgment based on a debt that was discharged in

bankruptcy proceedings is void. *Briley v. Hidalgo*, 981 F.2d 246, 250 (5th Cir. 1993), 11 U.S.C. §524(a) (2008).

In this case, the Second Lien Debt was provided for in the bankruptcy plans and other documents. The bankruptcy plans for Terra XXI, Ltd. and for Veigel Farm Partners both specifically detail the "allowed claim of Ag Services of America, Inc. and Ag Acceptance Corporation." *Defendants' Appendix*, Ex. 3, ¶3.05 and Ex. 6, ¶3.04. The debt is also detailed in the agreed order signed by the attorney for Veigel Farm Partners. *Defendants' Appendix*, Ex. 5. Therefore, the Second Lien Debt fits into the category of debts that are not extinguished by bankruptcy plans as described in §1141(c) because they are provided for explicitly in the plans.[1]

Second, Defendants incorrectly argue that the debt needed to be re-documented after the bankruptcy proceedings. However, the language in the bankruptcy plans provides otherwise. The bankruptcy plans say that "[h]olders of claims allowed as secured claims under this Plan shall provide for the redocumentation of all claims and security interests where applicable under the terms and provisions of the plan." *Defendants' Appendix*, Ex.3, ¶8.07 and Ex. 6, ¶8.07. The terms and provisions of the bankruptcy plans, however, do not require any redocumentation. The debts in question therefore did not require any redocumentation.

The bankruptcy plans provided for the debts at issue, did not extinguish those debts, and did not require redocumentation. The Defendants' argument that the debt cannot serve as the basis for this Court's judgment in the present case is therefore substantively incorrect.

### Defendants' Extinguishment Argument is Barred by *Res Judicata*

The preclusive doctrine of collateral estoppel provides that when a second lawsuit is brought, "the judgment in the prior suit precludes relitigation of issues actually litigated and

---

[1] Defendants also argue that the Court's summary judgment in this case was based on the "four original promissory notes" that were discharged. The Court's opinion makes clear that the original guarantees were ratified during and after the bankruptcy proceedings. Defendants' mischaracterization of the Court's opinion is incorrect.

necessary to the outcome in the first judgment." *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007), *quoting Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n.5 (1979). The doctrine helps to insure "the finality of judgments," conserves the resources of the judiciary, and protects parties from multiple lawsuits. *Proctor & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 (5th Cir. 2004), *citing United States v. Shanbaum*, 10 F.3d 305 (5th Cir. 1994).

> For collateral estoppel to apply in a second judgment, a four-part test must be satisfied:
>
> (1) the parties must be either "identical or in privity"; (2) the judgment in the prior action [must have been] rendered by a court of competent jurisdiction; (3) the prior action must have been concluded to a final judgment on the merits; and (4) the same claim or cause of action [must have been] involved in both actions."

*Davenport*, 484 F.3d at 326, *quoting In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999). When these conditions are met, any claims or defenses that arise from a "common nucleus of operative facts" are estopped from being relitigated. *Proctor & Gamble*, 376 F.3d at 499.

The argument that the debt was extinguished by the bankruptcy proceedings has already been decided in a related state court case. That case is Cause No. CI-04B-011, tried in the 222nd District Court in and for Deaf Smith County, Texas. On February 8, 2005, the Honorable Judge Roland Saul ruled on the parties' summary judgment motions in that case. Both sides moved for summary judgment as to whether or not the pre-bankruptcy deeds of trust and notes had been extinguished. The Court ruled that "[a]s a matter of law...[the] pre-bankruptcy liens were not extinguished by the Plan of Reorganization of Terra XXI, Ltd. ('Terra XXI Plan'), the Plans of Reorganization of Veigel Farm Partners ('VRF Plan'), or otherwise." *Plaintiff's appendix*, Ex. A, p. 2. Additionally, the Court ruled that the terms of both plans conclusively established "the survival of the pre-bankruptcy Deeds of Trust" and the "pre-existing lien on the property." *Id.* The Court concluded as well that "as a matter of law," the owner of the debt in question was not

required "to re-document [the] claims and/or security interests including the pre-bankruptcy Deeds of Trust." *Id.*

The state court case meets all the requirements necessary for collateral estoppels on the issue of extinguishment in the present case. First, the parties to the action are identical or in privity. Veigel Farms, Inc., Terra XXI, Ltd., Bob Veigel, and Veigel Cattle Co. were plaintiffs in the state court case and are defendants in the present case. The other defendants in the present case (Veigel Farm Partners, Grain Central Station, Veigel-Kirk, Inc., Bob Veigel, Inc., Steve Veigel, Inc., Steve Veigel, and Vicki Veigel, Inc.) are in privity with the plaintiffs in the state court case. There is "no categorical rule for privity; instead the courts" must make decisions based on the circumstances of a particular case. *EEOC v. Jefferson Dental Clinics, PA*, 478 F.3d 690, 694 (5th Cir. 2007), *citing Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 800 (Tex. 1992). Under Texas law, parties can be in privity if "their interests can be represented by a party to the action..." *Id.*, *citing Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 653 (Tex. 1996). Courts should make the determination of whether subsequent parties are in privity by "examin[ing] the interests the parties shared." *Amstadt*, 919 S.W.2d at 653. The defendants in the present case had their interests represented by the plaintiffs in the state court case. Additionally, the plaintiff in the present case, Rabo Agrifinance, Inc., is the successor in interest to the defendant in the state court case, Rabo Agservices, Inc.

Second, the judgment in the state court case was rendered by a court of competent jurisdiction- the Deaf Smith County District Court.

Third, the state court case has been concluded to a final judgment on the merits. The state court entered final judgment in the case on May 31, 2007. *Plaintiff's Appendix*, Ex. E, p. 2. A judgment is final for *res judicata* purposes even "pending decision on appeal..." *Scurlock Oil*

*Co. v. Smithwick*, 724 S.W.2d 1, 6 (Tex. 1986), *citing Prager v. El Paso Nat'l Bank*, 417 F.2d 1111, 1112 (5th Cir. 1969).

Fourth, the claim raised in Defendants' Rule 60 motion here is identical to the claim they made as Plaintiffs in the state court case. The present Defendants argued in the state court case that the pre-bankruptcy liens were extinguished by the bankruptcy plans, and/or had to be redocumented following the bankruptcy. The state court rejected those arguments in summary judgment, and they are the same arguments the Defendants have raised here.

The state court already reached a decision regarding the issue Defendants now present to this Court. The parties in that case were in privity to the parties in the present case, the state court was a court of competent jurisdiction, and the state court judgment is final. The issue that Defendants raise now is therefore already *res judicata* and not a basis for setting aside the judgment.

## Conclusion

The Defendants' arguments are substantively incorrect and foreclosed by the prior state court decision. The Defendants' motion for relief from judgment is therefore DENIED.

IT IS SO ORDERED.

Signed this 28th day of July, 2008.

/s/ Mary Lou Robinson

**MARY LOU ROBINSON**