
**FILED**
**AUGUST 20, 2008**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RABO AGRIFINANCE, INC. a Delaware Corporation, as Successor in Interest to RABO AGSERVICES, INC., an Iowa Corporation, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| VEIGEL FARM PARTNERS, a general partnership d/b/a Veigel Partners, VEIGEL FARMS, INC., TERRA XXI, LTD., GRAIN CENTRAL STATION, INC., a Corporation d/b/a Veigel Grain Company, VEIGEL-KIRK, INC., BOB VEIGEL, INC., BOB VEIGEL, Individually, STEVE VEIGEL, INC., STEVE VEIGEL, Individually, VICKI VEIGEL, INC., and VEIGEL CATTLE COMPANY, | § § § § § § § § § § § § | NO. 2:05-CV-243-J |
| Defendants. | § | |

## MEMORANDUM OPINION

On May 20, 2008, the Plaintiff filed a *Motion for Attorneys' Fees*. Defendants filed a response on June 23, 2008, and Plaintiff filed a reply on July 10, 2008. At the Court's order, Plaintiff filed supplemental information on August 19, 2008. Plaintiff's motion is GRANTED in part and DENIED in part.

### BACKGROUND

This lawsuit was an action to recover the deficiency that remained on the Defendants' Second Lien Debt following a foreclosure that failed to satisfy the full amount of the debt. On February 7, 2008, the Court granted Plaintiff's motion for summary judgment and issued a

memorandum opinion. The Court ordered that Plaintiff file competent summary judgment evidence detailing credits to be given to the Defendants as a result of foreclosure sales. Plaintiff did so, and the Court entered final judgment in Plaintiff's favor on April 30, 2008. On May 2, 2008, the Court granted Plaintiff's request to submit briefing on their request for attorneys' fees.

Plaintiff initially requested a total of $1,447,442.00 in attorneys' fees. This was comprised of $1,308,053.00 expended in the state court case and $139,389.00 expended in the present federal case. Plaintiff later supplemented their request for attorneys' fees and requested an additional $37,422.00 in fees accrued from May to August, 2008. This is a total request for the present federal case of $176,811.00.

## STATE COURT FEES

Plaintiff alleges that it is entitled to recover attorneys' fees in the present federal case that were incurred in a related state court case. That state court case was Cause No. CI-04B-011, and it began before the present federal case. The state court case was filed by the Veigel/Terra XXI entities in Deaf Smith County Court to challenge Rabo's title to the foreclosed upon property. The current Plaintiff, who was the Defendant in the state court case, voluntarily non-suited its claim for attorneys' fees in the state court case. While that state court action was still pending, Rabo filed the present suit as a separate action in federal district court against the Veigel/Terra XXI entities.

Plaintiffs cite to three cases to support their argument that they can recover attorneys' fees expended in the state case in the present case. Two of those cases are easily distinguishable from the present case. In *Republicbank Dallas v. Shook*, there was only a single court case at issue and the attorneys' fees arose as a counterclaim made by the Defendant. 653 S.W.2d 278 (Tex. 1983). In *Swiss Avenue Bank v. Slivka*, the court allowed recovery of attorneys' fees in a

second case that had been expended in a prior case. 724 S.W.2d 394 (Tex. Civ. App.- Dallas 1983, no writ). However, the bank had not waived its attorneys' fees in the first case. Instead, those fees had been denied to them for failure to satisfy a condition of the notes in question. *Id.* at 396. The notes required collection through a judicial proceeding in order to recover attorneys' fees. *Id.*

The case of *Williamson v. Tucker* more closely approximates the present situation. In that case, the court allowed recovery in a state court case for attorneys' fees expended in a prior federal court case. 615 S.W.2d 881, 892 (Tex. Civ. App.- Dallas 1981, writ ref's n.r.e.). However, unlike in the present case, there is no indication that the recovering party in *Williamson* waived their claim to attorneys' fees in the initial case.

It may sometimes be appropriate for a party to recover in one case attorneys' fees expended in a separate case. The Fifth Circuit has held that where "a state proceeding is a necessary preliminary action to the enforcement of a federal claim," the attorneys' fees from the state court action "may be available in some circumstances, subject to the discretion of the district court." *Simi Inv. Co. v. Harris County*, 236 F.3d 240, 255 (5th Cir. 2000). The Court finds that in the present case, an award of attorneys' fees expended in the state case would be inappropriate.

The Court will therefore not allow recovery for attorneys' fees expended in the state court case.

## ENTITLEMENT TO RECOVERY OF FEES IN FEDERAL CASE

The Plaintiff alleges it is entitled to attorneys' fees based on the original promissory notes and the unlimited guarantees that the Defendants signed. In Texas, attorneys' fees are recoverable if agreed upon in the contract. *Republic Nat. Bank v. Shook*, 653 S.W.2d 278, 282

(Tex. 1983). The contracts between the Plaintiff and Defendants state that the Defendants will pay "reasonable attorney fees…which may be incurred in connection with the enforcement of this note and collection of amounts payable hereunder." *Plaintiff's Appendix*, Exhibit 1. Additionally, the guarantees also state that the Defendants agree to pay "attorney's fees…incurred in connection with the enforcement of this Unlimited Guaranty." *Plaintiff's Appendix*, Exhibit 1. This guaranty was ratified by Defendants. *Plaintiff's Appendix*, Exhibit 2. The present case was brought to collect the debt left after foreclosure. Since the case was a suit to enforce the notes and collect the amounts payable under them, reasonable attorneys' fees in the present case are recoverable under Texas law.

Additionally, Plaintiff would be entitled to reasonable attorneys' fees in the present case even without such agreement in the contract. Texas law provides that a person can recover attorneys' fees if the claim was for an oral or written contract. TEX. CIV. PRAC. & REM. CODE §38.001(8) (2007). In this case, the claim was based on a written contract.

## DETERMINING REASONABLE ATTORNEYS' FEES

Calculating attorneys' fees involves a two-step process. The court initially calculates the lodestar fee "by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers." *Migis v. Pearle Vision*, 135 F.3d 1041, 1047 (5th Cir. 1998), *citing Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The court then determines if this lodestar figure should be adjusted upward or downward on a basis of twelve factors outlined in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Id.* Those factors are:

> (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by

the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Migis*, 135 F.3d at 1047, *citing Johnson*, 488 F.2d at 717-19.

The first step in this process is a determination of the number of hours reasonably expended on the litigation. *Louisiana Power & Light Co.*, 50 F.3d at 324. The party seeking fees bears the burden of establishing that they are entitled to recovery, and this involves "presenting evidence that is adequate for the court to determine what hours should be included in the reimbursement." *Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990). The number of hours reasonably expended is then multiplied by the reasonable rate the attorneys charge.

In this case, the *Johnson* factors support the Plaintiffs' request for attorneys fees as reasonable. In determining the reasonableness of the fee award, the most important factor is "the result obtained" in the case. *Giles v. GE*, 245 F.3d 474, 490, fn. 31 (5th Cir. 2001), *see also Migis v. Pearle Vision,* 135 F.3d 1041, 1047 (5th Cir. 1998); *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). In this case, the Plaintiff was successful. Additionally, Diamond McCarthy attorneys have had a long-standing relationship with the Plaintiff in this case. The attorneys and paralegals also charged the same rate they usually do for this kind of work in similar cases.

Overall, the Court finds that the lodestar figure should not be adjusted upwards or downwards.

## OTHER OBJECTIONS TO REQUESTED ATTORNEYS' FEES

1. **Fees of Mr. LeBas**

The Defendants object to attorneys' fees incurred by David LeBas for the law firm of Naman, Howell, Smith & Lee. Defendants allege that the approximately $33,000 in fees incurred by Mr. LeBas have already been awarded in two other federal cases. However, fees

were awarded in cases 2:06-cv-153 and 2:06-cv-272 on January 15, 2008. The fees in question for Mr. LeBas all occurred after that date, and therefore could not have already been awarded. The Court will therefore not remove the fees by Mr. LeBas from the award to Plaintiff.

### 2. Costs Unrecoverable as Fees

Defendants also allege that "[m]any costs or litigation expenses sought [by Plaintiff] are not recoverable as costs or fees." However, the affidavit of Mr. Reid says that the amount sought "represent[s] attorneys' fees only, not costs or other expenses. My earlier report stated a total amount that included costs and expenses. Rabo requests reimbursement for fees only." *Plaintiff's Appendix*, Exhibit 7. In fact, Mr. Reid's original report stated a total of $1,683,453.18. *Plaintiff's Appendix*, Exhibit 6. That is $236,011.18 more than the total amount currently requested. The Court finds that the Plaintiff is not seeking unrecoverable costs as attorneys' fees.

### 3. Billing Judgment

Defendants allege that the Plaintiff's billing records do not show any evidence of billing judgment. Billing judgment is "usually shown by the attorney writing off unproductive, excessive, or redundant hours." *Green v. Adm'rs of the Tulane Educ. Fund*, 284 F.3d 642, 662 (5th Cir. 2002), *citing Walker v. HUD*, 99 F.3d 761, 769 (5th Cir. 1996). A Plaintiff must show the exercise of billing judgment in order for the Court to determine the number of hours that were reasonably expended on the case. *Id.* If billing judgment is not exercised, the Court may reduce the number of hours awarded by a percentage. *Wright v. Blythe-Nelson*, 2004 U.S. Dist. LEXIS 25181, *18 (N.D. Tex. 2004). In the alternative, the Court may analyze the bills presented line-by-line to determine if any of the bills should not be awarded. *Green*, 284 F.3d at

662. Having reviewed the billing records, the Court finds that the number of hours expended in the case was reasonable.

### 4. Reasonableness and Necessity Objections

Defendants raise various objections to the billing records submitted by Plaintiff. Those objections include: (1) that the billing records do not identify the work sufficiently to determine if it was reasonable and/or necessary; (2) that the billings are so redacted that it is impossible to reasonably analyze them; (3) that block and group billing prevents analysis; (4) that long days are billed; (5) that there has been over conferencing; (6) that the case was over staffed; (7) that many of the activities were redundant; (8) that the billing rates are too high; (9) that the case was overworked; and (9) that the case was not difficult enough to justify the amount billed.

Defendants' first objection is that the billing records do not identify the work sufficiently to determine if it was reasonable and/or necessary. The party seeking fees bears the burden of establishing that they are entitled to recovery, and this involves "presenting evidence that is adequate for the court to determine what hours should be included in the reimbursement." *Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990). Defendants refer to only 7 billing entries that they contend are "vague." Of those entries referenced by the Defendants, the Court finds that the following billing entries are too vague and will not award recovery for them:

| | | | |
|---|---|---|---|
| -CHW | 10/3/2007 | "Review…email Roth regarding same." | $135 |
| -EXD | 12/13/2007 | "Research…suit." | $840 |
| -EXD | 12/19/2007 | "Legal research regarding…" | $168 |
| -EXD | 1/21/2008 | "Research…" | $367.50 |

Defendants' second objection is that the billing entries are too redacted to allow for a reasonable analysis. The Court may reduce an award of fees if the documentation is "vague,

lacking, or incomplete…" *Pelt v. U.S. Bank Trust Nat'l Ass'n*, 259 F. Supp. 2d 541, 543 (N.D. Tex. 2003), *citing Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir.), *cert. denied*, 516 U.S. 862 (1995). In some of the redacted entries, there is enough information to award attorneys fees. In the following entries, however, there is not sufficient information for the Court to analyze the time spent, and the Court will not allow recovery of the following fees:

| | | | |
|---|---|---|---|
| -BWB | 12/21/2005 | "Various e-mails and conference regarding…incorporate comments." | $487.50 |
| -BWB | 1/5/2006 | "Legal research regarding…" | $812.50 |
| -SPS | 1/31/2006 | "Respond to…" | $110.00 |
| -DMS | 3/9/2006 | "Conference with Barbara Balliette regarding…" | $177.00 |
| -CHW | 3/16/2006 | "Draft…" | $920.00 |
| -CHW | 3/29/2006 | "Telephone conference with T. Riney…update team regarding same…" | $276.00 |
| -BWB | 5/23/2006 | "Research regarding…" | $1137.50 |
| -EXD | 11/28/2007 | "Research an issue regarding…" | $84.00 |
| -EXD | 12/12/2007 | "Legal research regarding…" | $546.00 |
| -TCR | 4/11/2006 | "Various e-mails and telephone conferences with Barbara Balliette and Cliff Walston re…" | $330.00 |
| -TCR | 1/18/2007 | "Review memo re…" | $30.00 |
| -JWG | 3/5/2008 | "Research…" | $325.00 |
| -JWG | 3/5/2008 | "Draft note regarding…" | $122.50 |
| -DLL | 3/23/2008 | "Telephone conference with Norm on…" | $75.00 |

| | | | |
|---|---|---|---|
| -DLL | 4/1/2008 | "Many telephone calls on…" | $1000.00 |
| -JWG | 4/3/2008 | "Legal research regarding…" | $332.50 |
| -JWG | 4/3/2008 | "Legal research regarding…" | $210.00 |
| -JWG | 4/4/2008 | "Legal research regarding…" | $227.50 |
| -JWG | 4/8/2008 | "Research…" | $210.00 |

Defendants' third objection is that the Plaintiff has used excessive "group" or "block" billing. Defendants allege that the billing records contain times where a variety of tasks are billed together in a single entry, making it impossible to know how much time was spent on each task. The Defendants do not point to any single entry that they claim is impossible to analyze based on the use of block billing. After reviewing the billing records, the Court concludes that the billing entries are clear and that no time should be removed based on any block entries.

Defendants' fourth objection is that the Plaintiff billed "long days." Defendants allege that the Plaintiff's attorneys billed excessive hours in one day. Again, Defendants point to no entries where they allege this occurred. The Court finds no evidence of inappropriate billing of long days.

Defendants' fifth objection is to over conferencing. Defendants have included a spreadsheet identifying entries which they claim are duplicative. However, the review of a document written by an attorney by another attorney is not duplicative. The Court finds that the Plaintiff's attorneys did not over conference.

Defendants' sixth objection is that the case was over-staffed. Defendants do not point to any billing entries that were unnecessary or any attorneys whose work on the case was unnecessary.

Defendants' seventh objection is that there are redundant billing entries. This objection has already been addressed by reviewing the entries that Defendants claimed showed duplicative work.

Defendants' eighth objection is to the billing rates charged by the attorneys in this case. The Plaintiff has provided expert reports stating that the attorneys and paralegals have charged the same rate they customarily charge for this kind of work in similar cases. *See Expert Reports of William T. Reid IV*, Plaintiff's Exhibits 6 and 7. The fees of Gwinn & Roby (previously Riney & Mayfield) are similar to other Amarillo law firms. Diamond McCarthy's rates are slightly higher than average Amarillo rates, but are not higher than rates charged by comparable firms with offices in Austin, Dallas, and Houston.

Defendants' ninth and tenth objections are that the case was overworked and was not difficult enough to justify the requested amount of fees. While "the number of hours expended in cases that are relatively straightforward may seem high if considered in the aggregate… [c]ompliance with procedural requirements…can result in attorneys' fees for relatively simple cases that seem unreasonably high after a first—or even second or third—glance at the bottom line." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1151-52 (9th Cir. 2001). Seemingly high fees are often not the result of inefficiency, but a vigilant conformity with all of an attorney's responsibilities. *Id.* at 1152. Defendants have not pointed to any unnecessary billing entries to show that the case was overworked.

5. **Allegations of Excessive Fees**

Defendants argue that the fees incurred in this case were excessive on several levels. Defendants first argue that the fees requested are not proportionate to the amount recovered in this case. In the Court's April 30, 2008 judgment, the Plaintiff was awarded $1,352,632.44. The

attorneys' fees requested for the present case are $176,811.00. The Court finds that the amount of attorneys' fees expended in this case were reasonable under the particular circumstances and have a reasonable relationship to the amount in controversy.

Defendants next argue that the fees are excessive in relation to the fees Defendants accrued. Defendants' attorney Van Northern states in his affidavit that his attorneys' fees for this case total less than $60,000.00, compared to the $139,389.00 expended by the Plaintiff. Even though there can be a

> tendency to assume…that the time spent by an opposing counsel experienced in the subject matter is a good measure of the time reasonably expended…opposing parties do not always have the same responsibility under the applicable rules, nor are they necessarily similarly situated with respect to their access to necessary facts, the need to do original legal research to make out their case, and so on.

*Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1151 (9th Cir. 2001). Comparing the hours spent by the party seeking fees and the opposing party is not necessarily indicative of "whether the hours expended by the party seeking fees were excessive." *Id.*, citing *Johnson v. Univ. College of the Univ. of Ala. in Birmingham*, 706 F.2d 1205, 1208 (11th Cir. 1983). Put simply, the fact "[t]hat the amount of the fee award exceeds the amount billed by opposing counsel is [] not determinative." *Brantley v. Surles*, 804 F.2d 321, 327 (5th Cir. 1986). The Court finds that the comparison between the fees incurred by Plaintiff and Defendants does not merit a reduction in the amount of fees awarded to the Plaintiff.

**CALCULATION OF ATTORNEYS' FEES IN THE PRESENT FEDERAL CASE**

The Court will award the following attorneys' fees incurred in the present federal case:

**Diamond McCarthy**

| | |
|---|---|
| Barbara Balliette | 162.5 hours × $325/hour = $52,812.50*[1] |
| | 16 hours × $360/hour = $5,760.00 |
| Elizaveta Dolghih | 0 hours × $210/hour = $0.00* |
| | 0 hours × $245/hour = $0.00* |
| Andrea Kim | 0.4 hours × $250/hour = $100.00 |
| Jodie Mow | 1.7 hours × $140/hour = $238.00 |
| William T. Reid | 8.9 hours × $390/hour = $3,471.00 |
| | 0.5 hours × $425/hour = $212.50 |
| Sarah Santos | 3.5 hours × $170/hour = $595.00 |
| | 10.4 hours × $220/hour = $2288.00* |
| Tina Stone | 1.0 hours × $130/hour = $130.00 |
| | 9.8 hours × $140/hour = $1,372.00 |
| | 8.8 hours × $145/hour = $1,276.00 |
| | 2.8 hours × $160/hour = $448.00 |
| Douglas Stum | 0.0 hours × $295/hour = $0.00* |
| Cliff Walston | 17.9 hours × $180/hour = $3,222.00 |
| | 76.0 hours × $230/hour = $17,480.00 |
| | 18.4 hours × $255/hour = $4,692.00 |
| | 3.0 hours × $295/hour = $885.00 |

This is a total award of fees of $90,982.00.

---

[1] An "*" indicates that this figure has been adjusted to remove any vague billing entries that the Court is not awarding fees for.

**Riney & Mayfield**

| | | |
|---|---|---|
| Thomas Riney | 4.1 hours × $300/hour = $1,230.00 |
| Joni Kleinschmidt | 6.8 hours × $195/hour = $1,326.00 |
| Janet Byars | 1.6 hours × $100/hour = $160.00 |
| Kim Dalton | 0.8 hours × $100/hour = $80.00 |

This is a total award of fees of $2,796.00

**Gwinn & Roby**

| | | |
|---|---|---|
| Thomas Riney | 5.0 hours × $300/hour = $1,500.00 |
| Sharla Fowler | 1.0 hours × $90/hour = $90.00 |
| Marilyn Commons | 5.6 hours × $90/hour = $504.00 |
| Janet Byars | 0.2 hours × $90/hour = $18.00 |

This is a total award of fees of $2,112.00.

**Naman Howell**

| | | |
|---|---|---|
| David LeBas | 116.87 hours × $250/hour = $29,217.50* |
| James Goldsmith | 5.5 hours × $175/hour = $962.50* |
| Belinda Bass | 5.5 hours × $70/hour = $385.00 |

This is a total award of fees of $30,565.00.

The total award is $126,455.00.

   Plaintiff has also requested attorneys' fees incurred from May 2008 to August 2008. These fees were incurred since the original motion for attorneys' fees was briefed, including time spent preparing the report regarding the sale of equipment, preparing the briefs on the motion for attorneys' fees, responding to Defendants' Motion for Extension of Time to File Notice of

Appeal, and responding to Defendants' Rule 60(b) Motion. The Court will award fees except for the following entries, which are too vague:

| | | | |
|---|---|---|---|
| -BWB | 4/5/2008 | "Review and analyze…" | $360.00 |
| -BWB | 5/7/2008 | "Legal research regarding…" | $1620.00 |
| -CHW | 5/15/2008 | "Telephone conference with B. Balliette regarding…" | $236.00 |
| -CHW | 5/22/2008 | "Telephone conference with B. Balliette regarding…" | $354.00 |
| -BWB | 7/1/2008 | "Legal research regarding…" | $1530.00 |
| -BWB | 7/5/2008 | "Legal research regarding…" | $360.00 |
| -BWB | 7/22/2008 | "Review rules and legal Research on…" | $180.00 |

The following fees will be awarded:

| | |
|---|---|
| Barbara Balliette | 83.65 hours × $360/hour = $30,114.00* |
| Elizaveta Dolghih | 5.6 hours × $245/hour = $1,372.00 |
| Tina Stone | 2.2 hours × $160/hour = $352.00 |
| Cliff Walston | 3.2 hours × $295/hour = $944.00* |

This is a total supplemental award of fees of $32,782.00

The total of all fees to be awarded is $159,237.00.

## CONCLUSION

Plaintiff may recover attorneys' fees in the amount of $159,237.00 from the Defendants in this case.

It is SO ORDERED.

Signed this 20th day of August, 2008.

>  **/s/ Mary Lou Robinson_____**
>  **MARY LOU ROBINSON**
>  **UNITED STATES DISTRICT JUDGE**